Peaeson, J.
 

 The defendant, in consideration of one hundred and seventy-five dollars, executed a deed of bargain and sale to the plaintiff for a certain tract of land in fee simple. The deed has these words : — “ And the said David Simpson now, at “ the lime of
 
 selling
 
 and delivering of these presents is
 
 signed
 
 of “ a good, pure perfect
 
 rite
 
 free and clear from all incumbrance “whatever;” and then follows a covenant of quiet enjoyment (or warranty,) expressed in intelligible terms. Under this deed, the plaintiff entered. Afterwards, one Brandon recovered of the plaintiff, in ejectment, upon a paramount
 
 title;
 
 and thereupon the plaintiff abandoned the possession and brought this action. It is not stated that Brandon
 
 had entered into possession
 
 before the commencement of this action.
 

 The question is, does the deed contain a covenant of seisin? This depends upon whether “signed ” can be made to be or to mean “
 
 seised.”
 

 
 *386
 
 We have a strong impression that
 
 “
 
 signed ” was written instead of £C seised,” jnst as
 
 “selling”
 
 was written instead of
 
 “ sealing,”
 
 by reason of the ignorance of the draftsman who was copying from some old deed ; and possibly the plaintiff can have relief in another forum, which “ acts upon the person and applies itself to the conscience,” and does not permit advantage to be taken of mistake or accident. But this Court has no power to change one word of known and definite meaning into another. There are no statutes of “ jeofail and amendments ” in regard to deeds, and we must take them as they were made by the parties.
 

 Wrong spelling does not vitiate, when there is
 
 idem sonans,
 
 and the letters used do not make some other word of known signification. But the difficulty here cannot be removed on the idea of bad spelling ; for there is not the
 
 idem sonans,
 
 and the letters (which are written in a plain hand,) make the word
 
 “signed.”
 

 It is hue, when a deed cannot take effect in the mode it purports to have been intended to operate, but can take effect as air-other mode of conveyance, the Court will so construe it,
 
 wl res majis valeat;
 
 but this rule does not bear on the present case. So the conjunction “ or ” will be read
 
 “
 
 and,” and
 
 vice versa,
 
 when the construction of the sentence and the obvious meaning shows thát the intention was to connect and not to put apart the words or sentences.
 

 In the case before us, no aid can be derived from the construction of the sentence, and there is no legitimate mode of ascertaining the meaning except from the words used — so it is the dry and naked question, has this Court power to change the word
 
 “
 
 signed ” into “seised,” when it is called on to construe a deed?
 

 There is no authority, and we can see no ground upon which such a power can be maintained.
 

 The plaintiff further insisted that there was a breach of the covenant of quiet enjoyment. We think there was no evidence of an eviction. It is not necessary that the party should be turned out by a writ of possession : it is sufficient if the lessor of the plaintiff, after the judgment, takes possession. There is in this case no evidence that the lessor of the plaintiff took possession after his recovery
 
 ;
 
 and although the plaintiff in this action left the premises soon after the recovery against him in the ejectment,
 
 *387
 

 non constat,
 
 that he would have been disturbed in his possession, had he remained upon the premises.
 

 Pee CtjRIAm. Judgment affirmed.